**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4245**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKY LOUIS HOSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00373-H-3)

_____

Submitted:  April 26, 2018                                Decided:  June 26, 2018

_____

Before GREGORY, Chief Judge, and NIEMEYER and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Leza L. Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Franky Louis Hoston of possessing with the intent to distribute methamphetamine and heroin, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C. § 841(a)(1) (2012), and maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 18 U.S.C. § 2; 21 U.S.C. § 856(a)(1) (2012). The district court sentenced Hoston to 42 months' imprisonment. On appeal, Hoston contends that the district court erred in allowing a police officer to testify that he saw methamphetamine on the floor of Hoston's residence. We affirm the district court's judgment.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted).

Rule 701, Fed. R. Evid., permits lay opinion testimony as long as it is based on the witness' own perception, is helpful to the jury in understanding facts at issue or that witness' testimony, and is "not based on scientific, technical, or other specialized knowledge." In comparison, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

As we have recognized, "the line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one," which is not readily drawn. *United*

*States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006) (internal quotation marks omitted). Generally, a lay opinion "*must* be based on personal knowledge"; expert opinion must involve "some specialized knowledge or skill or education that is not in possession of the jurors," but expert opinion "may also be based on firsthand observation and experience." *Id.* at 155-56 (brackets and internal quotation marks omitted). "Rule 701 forbids the admission of expert testimony dressed in lay witness clothing, but it does not interdict all inference drawing by lay witnesses." *Id.* at 156 (internal quotation marks omitted). While an officer may testify to his personal knowledge regarding his observations at a crime scene, the testimony can become expert testimony when the officer "support[s] his interpretations of the [evidence] by referencing his experience as a [law enforcement] agent." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010).

We conclude that the testimony in question was admissible lay opinion testimony. We have previously determined that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to . . . identify . . . the substance involved in an alleged narcotics transaction." *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976); *see also United States v. Tinsley*, 800 F.2d 448, 450 (4th Cir. 1986). Here, the officer's testimony was based on his personal observations at the residence. *See Perkins*, 470 F.3d at 156 (concluding officers' testimony admissible under Rule 701 because testimony was "based on their contemporaneous perceptions"). Moreover, the officer testified that he observed methamphetamine in several other places in the residence, and Hoston did not object to this testimony. We conclude that the officer's testimony, in these circumstances, did not cross the line into expert testimony.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*